**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN C. DEWEY,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,
and its agency, THE INTERNAL
REVENUE SERVICE OF THE
UNITED STATES,

      Defendants-Appellees.

No. 98-8044
(D.C. No. 92-CV-287-J)
(D. Wyo.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is before us for the second time. We remanded this case to the district court for consideration in light of *Commissioner v. Schleier*, 515 U.S. 323 (1995). The issues in this appeal are whether a monetary settlement received by plaintiff after a jury verdict in his favor in a lawsuit pursuant to the Age Discrimination in Employment Act (ADEA) was excludable from gross income under 26 U.S.C. § 104(a)(2), and whether the Internal Revenue Service (IRS) conducted a reexamination of plaintiff's books and records connected with his 1984 tax return in violation of 26 U.S.C. § 7605(b). We review the district court's grant of summary judgment in favor of defendant *de novo*, *see Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996), and we affirm.

The district court was correct in its application of *Schleier* to this case. The Supreme Court held in *Schleier* that for a recovery to be excludable from gross income under § 104(a)(2), "the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is based upon tort or tort type rights; and second, the taxpayer must show that the damages were received on account of personal injuries or sickness." 515 U.S. at 337 (quotations omitted). The Court held that the plaintiff's settlement of his ADEA claim did not satisfy both requirements, and, therefore, the settlement was not excludable

from gross income.  We agree with the district court that, based on *Schleier*,

plaintiff's settlement pursuant to his ADEA claim was not excludable from gross

income under § 104(a)(2).  Plaintiff's ADEA award was not based upon tort or

tort-type rights, and neither was the award received on account of personal

injuries or sickness.  *See Schleier,* 515 U.S. at 332, 334.

The district court found that, contrary to plaintiff's assertion, the IRS did

not reexamine plaintiff's 1984 taxes in violation of 26 U.S.C. § 7605.  Like the

district court, we recognize the government's contention that this matter is moot

because plaintiff received a refund for the tax assessed as a result of the process

of which plaintiff complains.  We do not reach the mootness issue, however,

because we agree with the district court that no second examination as

contemplated by § 7605 occurred.  All the information considered by the IRS in

making the alternative minimum tax calculation on plaintiff's 1984 tax return was

already in its possession.  *See Hough v. Commissioner*, 882 F.2d 1271, 1275-76

(7th Cir. 1989) (holding that "use of information already in the possession of the

Commissioner is not an examination for purposes of section

7605(b)").  We affirm the grant of summary judgment on this issue for the reasons stated by the district court.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge